No. 2110

Second Circuit

---

CITY SAVINGS BANK & TRUST COMPANY v. MASSEY, ET AL.

---

(April 10, 1926. Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Novation—Par. 4.**

Novation is not presumed; the intention to make it must clearly result from the terms of the agreement, or there is no novation.

Civil Code, Article 2190.
Baker vs. Frellsen, 32 La. Ann. 826.
Hughes vs. Matte, 104 La. 231, 28 South. 1009.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

Action by City Savings Bank & Trust Company against W. B. Massey, et al., for collection of a promissory note. Judgment for plaintiff. Defendant, appealed.

Judgment affirmed.

L. Percy Garrot, of Shreveport, attorney for plaintiff, appellee.

Scheen & Blanchard, of Shreveport, attorneys for defendants, appellants.

STATEMENT OF THE CASE

REYNOLDS, J. This is a suit on a promissory note. The defense is that it has been novated or, if not, then paid, so far as the present plaintiff is concerned.

On these issues the case was tried and there was judgment for the plaintiff and defendants appealed. Plaintiff answered the appeal and asked for damages for frivolous appeal.

OPINION

The note sued on is for $800.00, is dated January 15, 1923, drawn payable to the order of plaintiff sixty days after its date, bears 8% per annum interest from its maturity until paid, signed by W. B. Massey and H. G. Burkhalter and endorsed by F. A. Blanchard and O. L. Pugh.

When it became due the defendant W. B. Massey executed his note for $800.00 and also a note for $1000.00 payable to his own order and by him endorsed in blank and secured by a mortgage on his home and attached the latter note to the former and tendered them to plaintiff in satisfaction of the note sued on.

Plaintiff refused to accept the notes tendered and surrender that sued on un-

less it was agreeable to Mr. Pugh. It was not agreeable to Mr. Pugh, and plaintiff put the note in an envelope with Mr. Massey's name written on it and has held them subject to his order ever since.

This transaction between W. B. Massey and the plaintiff did not constitute a novation of the note sued on, and the defense of novation has failed.

The other defense is that plaintiff had charged the note sued on to the account of O. L. Pugh and that therefore as between plaintiff and defendants the note had been paid.

This defense should have been presented by exception in limine.

The evidence does not establish this contention.

This brings us to plaintiff's answer and prayer for damages for frivolous appeal.

In view of the fact that at the time this suit was filed the plaintiff held and still holds the two notes of W. B. Massey which he claims constituted a novation of the one sued on, we are not prepared to hold that the appeal was frivolous, and therefore plaintiff's prayer for damages on this ground must be denied.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.